1  Joseph A. Kroeger (#026036)
   Audrey E. Chastain (#033998)
2  SNELL & WILMER L.L.P.
   One South Church Avenue
3  Suite 1500
   Tucson, Arizona 85701-1630
4  Telephone: 520.882.1200
   Facsimile: 520.884.1294
5  E-Mail: jkroeger@swlaw.com
           achastain@swlaw.com
6
   *Attorneys for Defendant Tucson Medical Center*
7

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Angel Sallas, | No. |
|---|---|
| Plaintiff, | (Removed from Superior Court Pima County, Arizona Case No. C20251642) |
| v. | |
| Tucson Medical Center, | **NOTICE OF REMOVAL** |
| Defendant. | Assigned to: Hon. |

Defendant Tucson Medical Center ("TMC"), by its attorneys, Snell & Wilmer L.L.P., files this Notice of Removal of the above-captioned action from the Superior Court of Arizona, Pima County ("Superior Court"), based on the following grounds:

1. On or about March 9, 2025, Plaintiff commenced this action against TMC in the Superior Court. This action is currently pending in the Superior Court as Case No. 20251642.

2. On March 25, 2025, Plaintiff served copies of her Summons, Complaint, Rule 102a FASTAR Certificate, and Civil Cover Sheet – all attached hereto as **Exhibit 1** – on TMC. Based on the service date, TMC's deadline to answer or otherwise respond to the Complaint in the Superior Court was April 14, 2025, but its deadline to remove the action to this Court is April 24, 2025.

3. On March 9, 2025, Plaintiff filed All Money Receipts and, on March 27, 2025, Plaintiff filed the Certificate of Service. The All Money Receipts and Certificate of Service are attached hereto as **Exhibit 2**.

4. On April 7, the Superior Court reassigned the action to Judge Scott McDonald. The Notice Re: Reassignment is attached hereto as **Exhibit 3**.

5. On April 18, 2025, Plaintiff filed a Notice of Application for Entry of Default, Application for Entry of Default, and Affidavit on Default and Entry of Default against TMC, all of which are attached hereto as **Exhibit 4**.

6. Plaintiff's Summons, Complaint, Rule 102a FASTAR Certificate, Civil Cover Sheet, All Money Receipts, Certificate of Service, Notice of Application for Entry of Default, Application for Entry of Default, and Affidavit on Default and Entry of Default, and the Superior Court's Notice Re: Reassignment constitute the entire proceedings in the Superior Court.

7. Pursuant to 28 U.S.C. § 1446(a) and LRCiv 3.6(b), true and correct copies of all process, pleadings, and orders that have been filed in this action are attached hereto as Exhibits 1, 2, 3, and 4.

8. Pursuant to LRCiv 3.6(b), true and correct copies of the following are also attached as Exhibits hereto: (i) Supplemental Civil Cover Sheet for Cases Removed from Another Jurisdiction (attached hereto as **Exhibit 5**); (ii) the most recent Superior Court docket (attached hereto as **Exhibit 6**); and (iii) verification of TMC and its counsel that true and complete copies of all pleadings and other documents filed in the Superior Court proceeding have been filed (attached hereto as **Exhibit 7**). The remainder of the Superior Court record, including the operative complaint and service document, is attached as Exhibits 1, 2, 3, and 4. There are no answers, Superior Court orders terminating or dismissing parties, notices of appearance, or pending motions, responses, and replies in the Superior Court proceeding.

9. The above-captioned case is a civil action that may be removed to this Court under 28 U.S.C. § 1441(a) because this Court has federal question jurisdiction over this

1   matter, pursuant to 28 U.S.C. § 1331.

2   10. This Court has original jurisdiction, pursuant to 28 U.S.C. § 1331, because Plaintiff's Complaint alleges causes of action that arise under federal law. Specifically, Plaintiff alleges that TMC violated the Pregnant Workers Fairness Act ("PWFA"), 42 U.S.C. § 2000gg, *et seq.*, (Count One) and Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e-2 (Count Three).

11. Pursuant to 28 U.S.C. § 1367(a), this Court also has supplemental jurisdiction over Plaintiff's Arizona state law claims because those claims are so related to the claims in this matter that give rise to the Court's original jurisdiction, pursuant to § 1331, that they form part of the same case or controversy under Article III of the United States Constitution. The state law claims alleged by Plaintiff – wrongful termination/sex discrimination in violation of A.R.S. § 41-1463 (Count Two), hostile work environment in violation of A.R.S. § 41-1463 (Count Four), intentional infliction of emotional distress (Count Five), and negligent infliction emotional distress (Count Six) – have a common nucleus of operative facts as Plaintiff's claims under the PWFA and Title VII. The factual basis of all of Plaintiff claims is provided in Paragraphs 8-19 of the Complaint, and each of Plaintiff's claims – under federal and state law – incorporate by reference all preceding paragraphs of the Complaint. *See* Exhibit 1, Complaint, ¶¶ 20, 30, 37, 50, 63, and 69.

12. Venue is appropriate in the District of Arizona because the Superior Court where the action is pending is located in Arizona, and Arizona constitutes one judicial district. *See* 28 U.S.C. §§ 82, 1441(a).

13. TMC consents to this Notice of Removal.

14. This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b)(1), because it is being filed "within 30 days after the receipt by [TMC], through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…" 28 U.S.C. § 1446(b)(1).

15. A copy of this Notice of Removal is being served this date on Plaintiff's counsel, pursuant to 28 U.S.C. § 1446(d).

16. A copy of this Notice of Removal is also being filed this date with the Clerk of the Superior Court, and notice of removal provided herewith, pursuant to 28 U.S.C. § 1446(d) and LRCiv 3.6(a). A copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit 8**.

By this Notice of Removal, TMC does not waive, and hereby expressly reserves, any defenses it may have, including, but not limited to, any defenses that may be asserted pursuant to Fed. R. Civ. P. 12.

Pursuant to the foregoing, TMC respectfully removes this matter from the Superior Court to this Court for determination of all issues.

DATED this 24th day of April, 2025.

SNELL & WILMER L.L.P.

By: *s/ Audrey E. Chastain*
Joseph A. Kroeger
Audrey E. Chastain
One South Church Avenue
Suite 1500
Tucson, Arizona  85701-1630

*Attorneys for Defendant Tucson Medical Center*

# **CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants.

I further certify that on April 24, 2025, I served the attached document via email upon the following:

Ernest Collins Jr.
The Collins Law Firm, PLLC
1910 S. Stapley Dr., Suite 221
Mesa, AZ 85204
Ecollins@thecollinslaw.com

By: *s/ Katherine Sandoval*
4910-4996-2290