**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angel Sallas, | No. CV-25-00190-TUC-EJM |
| Plaintiff, | |
| v. | **ORDER**[1] |
| Tucson Medical Center, | |
| Defendant. | |

Pending before the Court is Defendant TMC's Partial Motion to Dismiss Complaint (Doc. 14). Plaintiff responded in opposition to the motion to dismiss and Defendant replied. (Docs. 21, 24.) On March 26, 2026, the Court held oral argument. As such, the motion is fully briefed and ripe for adjudication. As discussed below, the Court will grant in part and deny in part Defendants' motion to dismiss.

## I.   FACTUAL BACKGROUND[2]

Plaintiff was an employee of Tucson Medical Center. Compl. (Doc. 1-2) at ¶ 8. During her time working at TMC, Plaintiff was pregnant, which Defendant knew. *Id*. ¶ 9–10. During her pregnancy, Plaintiff was required "to 'turn' patients which involved lifting and holding patients using substantial physical effort." *Id*. ¶ 11. Plaintiff was also required "to attend to patients in isolation despite her increased susceptibility to infections and

---

[1] The Parties have consented to the jurisdiction of the undersigned. (Docs. 7, 19.)

[2] For purposes of this Order, the Court will take as true the factual allegations contained in Plaintiff's Complaint (Doc. 1-2). *See Association for Los Angeles Deputy Sheriffs v. County of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011).

suppressed immune system due to her pregnancy." *Id*. ¶ 12. Defendant did not adjust the tasks assigned to Plaintiff, modify her workload, or adapt her schedule to accommodate her needs caused by the pregnancy. *Id*. ¶ 13.

"On multiple occasions, other employees made insensitive comments or jokes about Plaintiff's pregnancy." *Id*. ¶ 14. "Plaintiff's supervisors referred to themselves as the 'Filipino Mafia[,]'" which Plaintiff felt created a "hostile work environment." Compl. (Doc. 1-2) ¶ 15. On June 25, 2024, Defendant TMC terminated Plaintiff. *Id*. ¶ 16. On December 11, 2024, Plaintiff received a right to sue letter from the United States Equal Employment Opportunity Commission ("EEOC"). *Id*. ¶ 5.

Plaintiff brings this action pursuant to the Pregnant Workers' Fairness Act (Count One). *See id*. ¶¶ 20–29 (citing 42 U.S.C. § 2000gg, *et seq.*). Plaintiff asserts that "Defendant did not make reasonable accommodations related to the known limitations of [her] pregnancy[.]" *Id*. ¶ 23. Plaintiff further asserts that Defendant did not engage in the mandatory interactive process of the Pregnant Workers' Fairness Act, prior to her termination. Compl. (Doc. 1-2) ¶ 24. Plaintiff asserts wrongful termination based upon sex discrimination pursuant to Title VII (Count Three) and Arizona Civil Rights Act ("ACRA") (Count Two). *See id*. ¶¶ 30–49 (citing 42 U.S.C. § 2000e-2; A.R.S. § 41-1463). Plaintiff also asserts a Hostile Work Environment claim in violation of the Arizona Civil Rights Act (Count Four). *Id*. ¶¶ 50–62 (citing A.R.S. § 41-1463). Plaintiff alleges that she was "subjected to discrimination due to her race by Plaintiff's supervisors' creating a group they called the 'Filipino Mafia'[,]" from which she was excluded due to her race. *Id*. ¶¶55–56. Plaintiff further asserts that the actions of the "Filipino Mafia" altered the conditions of her employment and created an abusive working environment. *Id*. ¶ 58. Finally, Plaintiff asserts claims for Intentional Infliction of Emotional Distress ("IIED") (Count Five) and Negligent Infliction of Emotional Distress ("NIED") (Count Six). *Id*. ¶¶ 63–74.

## II.    STANDARD OF REVIEW

A complaint is to contain a "short and plain statement of the claim showing that the

pleader is entitled to relief[.]" Rule 8(a), Fed. R. Civ. P. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998) ("conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss.").

Rule 12(b)(6) motions are meant to "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where a plaintiff has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Further, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citations omitted).

"When ruling on a motion to dismiss, [the Court must] accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Association for Los Angeles Deputy Sheriffs v. County of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011) (quoting *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005)). "The court draws all reasonable inferences in favor of the plaintiff." *Id.* (citing *Newcal Industries, Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008)). This Court is not required, however, to accept conclusory statements as a factual basis. *See Twombly*, 550 U.S. at 555; *Mann v. City of Tucson*, 782 F.2d 790, 793 (9th Cir. 1986) ("Although we must, in general, accept the facts alleged in the complaint as true, wholly vague and conclusory allegations are not sufficient to withstand a motion to dismiss."). Accordingly, "[d]ismissal is proper under Rule 12(b)(6) if it appears beyond doubt that the

non-movant can prove no set of facts to support its claims." *Boquist v. Courtney*, 32 F.4th 764, 773–74 (alterations in original) (quoting *Admas v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004)); *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 965 (9th Cir. 2018) (quoting *Navarro*, 250 F.3d at 732) ("[d]ismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory").

## III.   ANALYSIS

Defendant seeks dismissal of Counts Four, Five, and Six of Plaintiff's Complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.  *See* Def.'s Partial Mot. to Dismiss (Doc. 14).  Defendants attached two (2) exhibits to their motion to dismiss— Plaintiff's EEOC Charge of Discrimination, Charge No. 540-2025-01290 and the EEOC's December 11, 2024, Dismissal and Notice of Rights (right to sue letter) to Plaintiff.  *See id*., Exhs. "1" & "2."  "Generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint."  *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citations omitted).  Defendant TMC requests the Court take judicial notice of their exhibits.  As such, the Court will first consider which documents presented by Defendants should be considered in the resolution of their motion.

### A.   *Judicial Notice*

"When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond."  *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003) (citing Fed. R. Civ. P. 12(b); then citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 n.4 (9th Cir. 1998)).  "There are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).  Additionally, "a court may consider 'material which is properly submitted as part of the complaint' on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment."  *Lee v. City of Los Angeles*, 250

F.3d 668, 688 (9th Cir. 2001) (quoting *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002).

"The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Furthermore, "[a] court may take judicial notice of 'matters of public record' . . . [b]ut a court may not take judicial notice of a fact that is 'subject to reasonable dispute.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citations omitted), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002). Therefore, "[o]n a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'" *Id*. at 690 (quoting *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426–27 (3d Cir. 1999)).

"Judicial notice is appropriate for records and 'reports of administrative bodies.'" *United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008) (quoting *Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1954). "A court must also . . . identify . . . which fact or facts it is noticing" from such a document. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). "District courts in the Ninth Circuit routinely take judicial notice of portions of documents from the EEOC." *Overstreet v. Living Spaces Furniture LLC*, No. CV-23-00248-PHX-ROS, 2023 WL 4408269, at *3 (D. Ariz. July 7, 2023) (collecting cases).

Here, Plaintiff does not object to Defendant's submissions. The Court finds judicial notice of the fact that EEOC Charge of Discrimination, Charge No. 540-2025-01290 was filed, and the EEOC issued its December 11, 2024, Dismissal and Notice of Rights (right to sue letter) to Plaintiff are proper. Judicial notice of what was stated in those documents is also proper. The Court will not take judicial notice of the truth of those statements,

merely what the administrative documents state.

**B.    Count Four: Hostile Work Environment**

Defendants seek dismissal of Plaintiff's Hostile Work Environment claim, which includes a race-based discrimination claim, alleged in Count Four of her Complaint because "[n]othing in her [EEOC] Charge would have reasonably initiated an EEOC investigation into race discrimination or harassment (including hostile work environment) claims[.]"  Def's. Partial Mot. to Dismiss (Doc. 14) at 5.  Plaintiff counters that "[h]er charge was not narrowly linked to her pregnancy as Defendant asserts[;] . . . [i]t includes disparate treatment and discrimination, including race-based discrimination as that is intertwined and naturally grows from her pregnancy discrimination claim."  Pl.'s Response (Doc. 21) at 4.  Defendant argues that "Plaintiff has not identified a single case in which a plaintiff filed an administrative claim that alleged only pregnancy discrimination, but then was permitted to pursue a claim based on race discrimination and entirely different facts that were neither closely-related, nor redundant, of her pregnancy discrimination allegations[,]" and her failure to allege race discrimination at the administrative stage bars any such claim before this Court.  Reply (Doc. 24) at 6.

The Parties agree that prior to litigating an ACRA claim in federal court, a plaintiff must first file a charge with the EEOC or Arizona Civil Rights Division and receive a notice of right to sue.  *See* 42 U.S.C. § 2000e-5(f)(1) ("within ninety days after the giving of such notice[,] a civil action may be brought [by the aggrieved party] against the respondent named in the charge"); A.R.S. § 41-1481(D) ("After providing the notice [of dismissal of the charge,] a civil action may be brought against the respondent named in the charge by the charging party").  "[T]he Arizona Civil Rights Act is 'generally identical' to Title VII, and therefore 'federal Title VII case law [is] persuasive in the interpretation of [the Arizona] Civil Rights Act."  *Bodett v. CoxCom, Inc.* 366 F.3d 736, 742 (9th Cir. 2004) (second and third alterations in original) (quoting *Higdon v. Evergreen Int'l Airlines, Inc.*, 673 P.2d 907, 909–10, n.3 (Ariz. 1983)).

. . .

### 1.　Legal Standards

In 2019, the Supreme Court of the United States observed that "Title VII's charge-filing provisions 'speak to . . . a party's procedural obligations.'" *Fort Bend Cnty., Tex. v. Davis*, 587 U.S. 541, 551 (2019) (quoting *EPA v. EME Homer City Generation, L.P.*, 572 U.S. 489, 512 (2014)).　As such, the Supreme Court overruled Ninth Circuit authority treating the Title VII charge-filing requirement as jurisdictional and held that this requirement "is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts." *Id*.　It is well-established that "[w]hether a plaintiff in a Title VII action has timely exhausted her administrative remedies 'is an affirmative defense, [so] the defendant bears the burden of pleading and proving it.'" *Kraus v. Presidio Trust Facilities Div. Residential Mgmt.*, 572 F.3d 1039, 1046 n.7 (9th Cir. 2009) (second alteration in original); *see Fox v. MHM Health Pros. LLC*, No. CV-23-00190-PHX-DML, 2024 WL 4364133, at *15–16 (D. Ariz. Sept. 30, 2024) (discussing *Fort Bend* and the ramifications of EEOC exhaustion changing from jurisdictional to an affirmative defense).　The Ninth Circuit Court of Appeals has observed that although a defendant may raise "its exhaustion defense under Rule 12(b)(6), we have said that such a defense should generally be raised on summary judgment." *McIntyre v. Eugene School Dist. 4J*, 976 F.3d 902, 909 n.7 (9th Cir. 2020).　"A defendant may raise the defense under Rule 12(b)(6) '[i]n the rare event that a failure to exhaust is clear on the face of the complaint." *Id*. (alteration in original) (quoting *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014)).

"The administrative charge requirement serves the important purposes of giving the charged party notice of the claim and 'narrow[ing] the issues for prompt adjudication and decision.'" *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1099 (9th Cir. 2002) (alterations in original) (quoting *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995)).　"[I]ncidents of discrimination not included in an EEOC charge may not be considered by a federal court unless the new claims are 'like or reasonably related to the allegations contained in the EEOC charge.'" *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990)

(quoting *Green v. Los Angeles Cnty. Superintendent of Schs.*, 883 F.2d 1472, 1480 (9th Cir. 1989)).  Exhaustion "extends over all allegations of discrimination that either 'fell within the scope of the EEOC's *actual* investigation or an investigation which *can reasonably be expected* to grow out of the charge of discrimination." *B.K.B.*, 276 F.3d at 1100 (emphasis in original) (quoting *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994)).

## 2. Allegations Not Contained in EEOC Charge

Plaintiff's Complaint establishes that she "received a 'right to sue' letter issued on December 11, 2024[,] [and] [l]ess than 90 days ha[d] passed" when she filed this case. (Doc. 1-2) ¶ 5.  As such, this is not the rare case contemplated in *McIntyre*.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The standard does not apply to affirmative defenses which Defendant bears the burden of pleading and proving.[3]  *See Fox*, 2024 WL 4364133, at *16 (observing that questions may be raised regarding the EEOC's investigation and a court "is unable to conduct to conduct a factual inquiry pursuant to Fed. R. Civ. P. 12(b)(6)." (quotations and citations omitted)).  This underscores why a motion to dismiss is not the proper vehicle for addressing Plaintiff's administration exhaustion.

Plaintiff's EEOC Charge No. 540-2025-01290 identifies the particulars of her administrative complaint, as follows:

> Ms. Salla's [sic] was treated differently and discriminated against and was refused reasonable accommodations due to her pregnancy.  When Ms. Salla's [sic] raised the issue to her superiors she was retaliated against and then terminated.

Def.'s Partial Mot. to Dismiss, Exh. "1" (Doc. 14-1) at 2.  "EEOC charges must be construed with utmost liberality since they are made by those unschooled in the

---

[3] Defendant relies on pre-*Fort Bend* cases which were decided on summary judgment and do not clarify how the Court can resolve this issue on a motion to dismiss.

technicalities of formal pleading." *Sosa v. Hiraoka*, 920 F.2d 1451, 1458 (9th Cir. 1990) (internal quotations and citations omitted). Defendant reads Plaintiff's charge with "treated differently," "discriminated against," and "refused reasonable accommodations" all modifying "due to her pregnancy." *See* (Doc. 14) at 5. In support of this construction, Defendant points to the second sentence which states that Ms. Sallas "raised the issue to her superiors[,]" focusing on the singular form of "issue" as supportive of their reading. *Id*. Plaintiff asserts that the intended reading is "treated differently," "discriminated against," and "refused reasonable accommodations due to her pregnancy[,]" with each phrase an independent allegation not solely related to her pregnancy. (Doc. 21) at 2–3. In support of that argument, Plaintiff claims "that another employee of Filipino descent who was pregnant was permitted the accommodations by the Filipino Managers that Ms. Sallas, a woman not of Filipino descent, was seeking." *Id*. at 3.

Both Plaintiff and Defendant present a reasonable reading of the EEOC charge.[4] As discussed earlier, however, "EEOC charges must be construed with utmost liberality since they are made by those unschooled in the technicalities of formal pleading." *Sosa*, 920 F.2d at 1451, 1458. "It is sufficient that the EEOC be apprised, in general terms, of the alleged discriminatory parties and the alleged discriminatory acts." *Sosa*, 920 F.2d at 1458 (quotations and citations omitted). To demand more "would falsify the [Civil Rights] Act's hopes and ambitions of providing a process lay people can use effectively to resolve discrimination complaints." *Id*. (alterations in original) (quotations and citations omitted).

It is also significant that no investigation of Plaintiff's charge occurred prior to its dismissal and the issuance of a right to sue letter. "A Title VII complainant is not charged with the commission's failure to perform its statutory duties." *Id*. at 1101 (internal citations

---

[4] The Court disagrees with Defendant's contention that *Cheeks v. General Dynamics*, 22 F.Supp.3d 1015 (D. Ariz. 2014) is directly on point. *Cheeks* was before the court on a motion for summary judgment and prior to the Supreme Court's decision in *Fort Bend*. Additionally, this Court is not bound by that decision. *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (citing 18 J. Moore et al., Moore's Federal Practice § 134.02(1)(d) (3d ed. 2011)) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.").

and quotations omitted).  Neither does Title VII "require that plaintiff separately exhaust additional claims that are 'so closely related [to the allegations made in the charge] that agency action would be redundant.'"  *Id*. at 1102 (alterations in original) (quoting *Sosa*, 920 F.2d at 1457 n.2)

With that backdrop, for purposes of a motion to dismiss based on failure to exhaust an administrative remedy, the Court agrees with Plaintiff that a reasonable and liberal reading of the EEOC charge is one where each independent allegation is separated from the next by the conjunction "and."  Based on that reading, the Plaintiff's discrimination claims do not rise solely from the fact of her pregnancy, but also because she was treated differently because of her race.[5]  Her reasonable accommodation claims, however, do arise from her pregnancy.  *Id*.; *see also* Compl. (Doc. 1-2).  Therefore, Plaintiff's racial discrimination claims are intertwined with her pregnancy claims, and they could "reasonably be expected to grow out of the charge of discrimination" if the EEOC had performed an investigation.  *See B.K.B.*, 276 F.3d at 1099–1100.   For these reasons, Plaintiff has sufficiently demonstrated exhaustion before the EEOC to survive a motion to dismiss.

### C.  *Intentional Infliction of Emotional Distress*

Defendant seeks dismissal of Plaintiff's intentional infliction of emotional distress claim (Count Five) because it fails to allege sufficiently extreme and outrageous conduct to sustain such a claim.  (Doc. 14) at 6–9.  Defendant further asserts that Plaintiff's complaint fails to allege severe emotional distress.  *Id*. at 9–10.  Plaintiff argues that her condition as a pregnant woman left her especially vulnerable and her complaint sufficiently alleges an IIED claim.  (Doc. 21) at 4–7.

---

[5] Plaintiff argues that her complaint is that while working at TMC, she received accommodations for her pregnancy that were afforded to a Filipina co-worker.  Pl.'s Response (Doc. 21) at 3.   Once that co-worker gave birth, Plaintiff's pregnancy was no longer accommodated.  *Id*.  Additionally, at oral argument, Plaintiff's counsel noted that the pregnant co-worker was the niece of one of Plaintiff's managers.  Plaintiff's complaint does not allege any of these facts as part of the basis for her hostile work environment claims.   As such, the Court will grant plaintiff leave to amend.

- 10 -

In Arizona, to establish a *prima facie* case for IIED a plaintiff must show that (1) "the conduct by the defendant . . . [was] 'extreme' and 'outrageous'"; (2) "the defendant . . . either intend[ed] to cause emotional distress or recklessly disregard[ed] the near certainty that such distress w[ould] result from his conduct"; and (3) that "severe emotional distress . . . occur[red] as a result of defendant's conduct." *Ford v. Revlon, Inc.*, 734 P.2d 580, 585 (Ariz. 1987). "Even if the second and third elements are present, the trial court must, on the first element, make a preliminary determination whether the conduct may be considered so outrageous and extreme so as to permit recovery." *Nelson v. Phoenix Resort Corp.*, 688 P.2d 1375, 1386 (Ariz. Ct. App. 1994) (citations omitted). This requires defendants acts to be "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Mintz v. Bell Atl. Sys. Leasing Intern. Inc.*, 905 P.2d 559, 563 (Ariz. Ct. App. 1995) (quotations and citations omitted). "Even if a defendant's conduct is unjustifiable, it does not necessarily rise to the level of 'atrocious' and 'beyond all possible bounds of decency' that would cause an average member of the community to believe it was 'outrageous.'" *Nelson*, 688 P.2d at 1386 (citations omitted). Arizona courts have observed, "[i]t is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress." *Mintz*, 905 P.2d at 563 (citations omitted).

Plaintiff's Complaint alleges that "Defendant's conduct during the course of Plaintiff's employment, including but not limited to its intentional discrimination against an expectant mother and creation of a highly toxic hostile work environment, was extreme and outrageous." Compl. (Doc. 1-2) ¶ 65. Plaintiff describes Defendant's conduct to include not making reasonable accommodations for her pregnancy by "requiring Plaintiff to 'turn' patients that involved the lifting and holding of the patient[;] requiring Plaintiff to attend to patients in isolation despite her increased susceptibility to infections and suppressed immune system, and failing to adjust her workload and scheduling." *Id*. ¶ 23. Plaintiff also alleges that she was "subjected to verbal abuse from Defendant's employees

based on her pregnancy[,]" and this verbal abuse was "unwelcome." *Id*. ¶¶ 51–52. Plaintiff's factual basis is insufficient to plausibly support a claim for IIED. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Accordingly, dismissal of Count Five of Plaintiff's Complaint (Doc. 1-2) is appropriate. Because Plaintiff may be able to plead sufficient facts to establish an IIED claim, leave to amend the complaint be granted. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 701 (9th Cir. 1988) (citations omitted) (finding leave to amend is proper "if it appears at all possible that the plaintiff can correct the defect.").

### D. Negligent Infliction of Emotional Distress

Defendant seeks dismissal of Plaintiff's negligent infliction of emotional distress claim (Count Six) because 1) Workers' Compensation is the exclusive remedy for negligence claims against employers, depriving this Court of jurisdiction; and 2) Plaintiff was neither "in the zone of danger" nor alleges sufficiently severe emotional distress to establish an NIED claim. Def.'s Mot. to Dismiss (Doc. 14) at 10–12. Plaintiff argues that there are exceptions to the general rule that Workers' Compensation is the exclusive remedy for negligence claims against employers. Pl.'s Response (Doc. 21) at 7. She further urges that her pregnancy discrimination claim is unique from other negligence claims and warrants exception from Workers' Compensation. *Id*. at 7–8. Plaintiff also asserts that she has sufficiently pled such a claim. *Id*. at 8–9.

Arizona law allows negligent infliction of emotional distress claims if the tortfeasor (1) "should have realized that his conduct involved an unreasonable risk of causing the distress"; and (2) "from the facts known to him should have realized that the distress, if it were caused, might result in illness or bodily harm." Restatement (Second) of Torts § 313 (1965); *Ball v. Prentice*, 781 P.2d 628, 630 n.1 (Ariz. Ct. App. 1989) (recognizing the Arizona courts' adoption of the Restatement NIED provision). In Arizona, however, "[i]t is well settled that work-related injury claims are generally redressed exclusively under Arizona's workers' compensation scheme." *Gamez v. Brush Wellman, Inc.* 34 P.3d 375,

360 (Ariz. Ct. App. 2001) (citing A.R.S. § 23-1022). "Unless an employee specifically rejects workers' compensation before injury, the workers' compensation system is the exclusive remedy for that employee to recover damages resulting from his or her employer's negligence. *Wagner v. State*, 393 P.3d 156, 158 (Ariz. Ct. App. 2017) (citing A.R.S. § 23–1022(A); then citing *Anderson v. Indus. Comm'n*, 147 Ariz. 456, 457, 711 P.2d 595 (1985)). Plaintiff's assertions regarding the California legislature's intentions in enacting California law is unhelpful here. The Court agrees with Defendant that Workers' Compensation is the exclusive remedy for Plaintiff's NIED claim. Because of this, the Court declines to otherwise consider the sufficiency of Plaintiff's NIED claim. Count Six shall be dismissed without leave to amend. *See Hunter v. U.S. Dep't of Educ.*, 115 F.4th 955, 971 (9th Cir. 2024) (quoting *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018)) ("Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.").

## IV.    CONCLUSION

For the reasons delineated above, IT IS HEREBY ORDERED that Defendant TMC's Partial Motion to Dismiss Complaint (Doc. 14) is GRANTED in part and DENIED in part. Plaintiff may amend her complaint as provided herein. Any First Amended Complaint shall be filed on or before May 1, 2026.

Dated this 27th day of March, 2026.

Eric J. Markovich
United States Magistrate Judge